IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

KEITH DESHON ADAMS,        )
                                 )
          Plaintiff,     )
v.                            )       Civil Action No. 2:24-00315
                                 )
BRANDON DODRILL, *et al.*,    )
                                 )
         Defendants.    )

**O R D E R**

Pending before the Court is Plaintiff's "Motion Pursuant to Rule 60(b)(6)" (Document No. 34), filed on November 3, 2025.

**PROCEDURAL BACKGROUND**

On June 26, 2024, Plaintiff, acting *pro se*,[1] filed his Application to Proceed Without Prepayment of Fees and Costs and a Complaint claiming entitlement to relief under 42 U.S.C. §1983. (Document Nos. 1 and 2.) In his Complaint, Plaintiff names the following as Defendants: (1) Brandon Dodrill, Oak Hill Police Officer; and (2) Tyler Hogan, Oak Hill Police Officer. (Id., p. 2.) Plaintiff alleges that Defendants Dodrill and Hogan violated his rights under the Eighth and Fourth Amendments. (Id.) Specifically, Plaintiff contends that Defendant Dodrill subjected him to unnecessary and excessive force. (Id.) Plaintiff alleges that Defendant Hogan is liable based upon bystander liability because Defendant Hogan knew Defendant Dodrill was using excessive force and she failed to intervene to protect Plaintiff from the use of unnecessary and excessive force by Defendant Dodrill. (Id.) Plaintiff requests injunctive and monetary relief. (Id., pp. 5 – 6.)

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

By Order entered on June 27, 2024, the undersigned found Petitioner's Application to Proceed Without Prepayment of Fees and Costs to be deficient because the Application was unsigned by Plaintiff. (Document No. 4.) The undersigned directed that Plaintiff's Application be returned to him, Plaintiff submit a complete Application including his signature, and return such by June 29, 2024. (Id.) On July 8, 2024, Plaintiff filed his signed Application to Proceed Without Prepayment of Fees and Costs. (Document No. 5.) By Order entered on January 7, 2025, the undersigned granted Plaintiff's Applications to Proceed Without Prepayment of Fees and directed the Clerk to issue process. (Document No. 8.) The Clerk's Office issued process the same day. (Document No. 9.)

On February 3, 2025, Defendants filed a Motion to Dismiss and Memorandum in Support. (Document Nos. 17 - 18.) Defendants argue that Plaintiff's claims should be dismissed based on the following: (1) "Plaintiff has failed to state facts or a legal claim upon which relief can be granted and the Complaint must be dismissed as to Tyler Hogan pursuant to *Iqbal/Twombly*" (Document No. 18, pp. 6 – 7); and (2) Defendants Dodrill and Hogan are entitled to qualified immunity for Plaintiff's claims (Id., pp. 7 – 14). Notice pursuant to Roseboro was issued to Plaintiff on February 4, 2025, advising him of the right to file a response to the Defendants' Motion to Dismiss. (Document No. 19.) On May 6, 2025, Plaintiff filed his Response in Opposition. (Document No. 25.) By Proposed Findings and Recommendation ("PF&R") entered on July 3, 2025, the undersigned recommended that the District Court grant in part and deny in part Defendants' Motion to Dismiss. (Document No. 28.) Specifically, the undersigned recommended the following:

(1) Defendants' Motion to Dismiss (Document No. 17) be **GRANTED** as to Defendant Hogan; (2) Defendants' Motion to Dismiss (Document No. 17) be **GRANTED** as to Plaintiff's Eighth Amendment excessive force claim against

2

Defendant Dodrill; (3) Defendants' Motion to Dismiss (Document No. 17) be **DENIED** as to Plaintiff's Fourth Amendment excessive force claim against Defendant Dodrill; (4) **GRANT** Plaintiff permission to amend his Complaint to include the additional facts to support his Fourth Amendment excessive force claim; and (5) **REFER** the matter back to the undersigned for further proceedings.

(Id.) No objections were filed. By Memorandum Opinion and Order entered on July 25, 2025, United States District Judge Irene C. Berger adopted the undersigned's PF&R, granted the Motion to Dismiss as to Defendant Hogan, granted the Motion to Dismiss as to Plaintiff's Eighth Amendment excessive force claim against Defendant Dodrill, denied the Motion to Dismiss as to Plaintiff's Fourth Amendment excessive force claim against Defendant Dodrill, and granted Plaintiff "a period of twenty (20) days from the entry of this order to amend his Complaint to include additional facts to support his Fourth Amendment excessive force claim." (Document No. 29.)

Nearly three months passed since the entry of District Judge Berger's Memorandum Opinion and Order and Plaintiff did not file an Amended Complaint. After noting Plaintiff's lack of activity in this case, the undersigned issued an Order on October 17, 2025, directing Plaintiff to "show cause in writing on or before October 30, 2025, as to why this civil action should not be dismissed for failure to prosecute." (Document No. 33.) The undersigned specifically notified Plaintiff that "failure to show cause in writing by October 30, 2025, will result in a recommendation of dismissal of this matter pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." (Id.) On November 3, 2025, Plaintiff filed a "Motion Pursuant to Rule 60(b)(6)." (Document No. 34.)

## **ANALYSIS**

In his "Motion Pursuant to Rule 60(b)(6)," Plaintiff argues that he should be permitted to

reopen the above action pursuant to Rule 60(b)(6). (Document No. 34.) In support, Plaintiff states

that he failed to file an Amended Complaint because he did not receive a copy of Judge Burger's

Memorandum Opinion and Order entered on July 25, 2025. (Id.) Plaintiff explains that he did not

receive a copy of the Memorandum Opinion and Order because he was "transferred from USP Lee

in June 2025 to North Carolina on a Writ to resolve an issue of a probation violation with the State

(NC)." (Id., p. 4.) Plaintiff states that he was not returned back to USP Lee until October 2025.

(Id.) Plaintiff, therefore, contends that this Court should "reopen Plaintiff's case here sub judice

under Rule 60(b)(6) based on Plaintiff's showing extraordinary circumstances." (Id., p. 5.)

Rule 60(b) of the Federal Rules of Civil Procedure "invest[s] federal courts with the power

in certain restricted circumstances to vacate judgments whenever such action is appropriate to

accomplish justice." Compton v. Alton S.S. Co., 608 F.2d 96, 101-02 (4th Cir. 1979)(citation and

internal quotation omitted). Specifically, Rule 60(b) allows a civil litigant to seek relief from a

final judgment and request the reopening of his case based on the following circumstances:

(1)     mistake, inadvertence, surprise, or excusable neglect;

(2)     newly discovered evidence that, with reasonable diligence, could not have
        been discovered in time to move for a new trial under Rule 59(b);

(3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation,
        or misconduct by an opposing party;

(4)     the judgment is void;

(5)     the judgment has been satisfied, released, or discharged; it is based on an
        earlier judgment that has been reversed or vacated; applying it
        prospectively  is no longer equitable; or

(6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(6), the provision that Plaintiff relies upon, "permits reopening

when the movant shows any reason justifying relief from the operation of the judgment other than

4

the more specific circumstances set out in Rule 60(b)(1) – (5)." Gonzalez v. Crosby, 545 U.S. 524, 529, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). A Rule 60(b) motion must be filed within a reasonable time. Fed. R. Civ. P. 60(c)(1). Finally, "[t]he remedy provided by the Rule . . . is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton, 608 F.2d at 102.

Importantly, the undersigned notes that there has been no final order entered closing the above action. Thus, Plaintiff has no action to "reopen" pursuant to Rule 60(b). Accordingly, it is hereby **ORDERED** that Plaintiff's "Motion Pursuant to Rule 60(b)(6)" (Document No. 34) is **DENIED**. Plaintiff's Motion, however, appears to be a Response to the undersigned's Order requiring Plaintiff to show cause as to why the above action should not be dismissed for failure to prosecute. (See Document No. 33.) To the extent Plaintiff intended the foregoing to be a Response to the Court's show cause Order, the undersigned finds that Plaintiff has shown good cause as to why the above action should not be dismissed for failure to prosecute. Specifically, Plaintiff states that he never received Judge Berger's Memorandum Opinion and Order that directed Plaintiff to file his Amended Complaint within 20 days. Accordingly, it is hereby **ORDERED** that Plaintiff shall file by **December 8, 2025**, his Amended Complaint that includes additional facts to support his Fourth Amendment excessive force claim against Defendant Dodrill.[2] Plaintiff is hereby **NOTIFIED** that failure to file his Amended Complaint by December 8, 2025, will result in a recommendation of dismissal of this matter pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[3] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West

---

[2] As explained above, Plaintiff's claims against Defendant Hogan have been dismissed. (Document No. 29.)

[3] Rule 41(b) of the Federal Rules of Civil Procedure provides:

**(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any

Virginia[4].

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties are hereby notified that the rulings set forth above may be contested by filing objections to this Order within 14 days. If objections are filed, the District Court, Honorable United States District Judge Irene C. Berger, presiding, will consider the objections and modify or set aside any portion of the Order which it finds to be clearly erroneous or contrary to law.

The Clerk is directed to mail a copy of this Order to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

ENTER: November 10, 2025.



Omar J. Aboulhosn
United States Magistrate Judge

---

dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

[4]  Rule 41.1 of the Local Rules provides:
**Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.