IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KEITH DESHON ADAMS,                    )
                                       )
                Plaintiff,             )
                                       )
v.                                     )          Civil Action No. 2:24-00315
                                       )
BRANDON DODRILL, *et al.*,             )
                                       )
                Defendants.            )

**O R D E R**

Pending before the Court is Defendant Dodrill's Motion to Strike (Document No. 45), filed on January 16, 2026.

On January 13, 2026, Plaintiff filed a document entitled "Plaintiff Amends Both Amended Complaint and Response to Defendant's Motion to Dismiss." (Document No. 43.) Plaintiff indicates that he wishes to amend his Amended Complaint to includes "additional physical injuries implemented by Defendant against Plaintiff's person on the dated of September 27, 2022." (Id., p. 2.) Specifically, Plaintiff states that he suffered "nasal bone fractures" as a result of Defendant Dodrill's use of a baton or flashlight. (Id., pp. 2 - 3.) Plaintiff contends that he suffered the "nasal bone fractures" after Plaintiff "was already subdued by defendant." (Id.) Plaintiff, therefore, argues that the foregoing constitutes excessive force in violation of the Fourth Amendment. (Id., pp. 3 – 5.) Plaintiff further argues that Defendant Dodrill is not entitled to qualified immunity. (Id.)

In his "Motion to Strike Plaintiff's Motion to Amend Complaint," Defendant Dodrill argues that the time for Plaintiff to amend his Amended Complaint "as a matter of course has expired." (Document No. 45, p. 2.) Thus, Defendant Dodrill argues that Plaintiff must satisfy the requirements of Rule 15(a)(2). (Id.) Defendant Dodrill, however, argues that Plaintiff "has not sought the Defendant's written consent, nor has Plaintiff filed a motion seeking leave of the Court

to amend the Amended Complaint." (Id.) Therefore, Defendant Dodrill requests that the Court "strike Plaintiff's attempt to amend the Amended Complaint as the assertions contained therein are untimely, without justification, and made without the requisite leave of the Court." (Id.)

Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that a party may amend his pleadings "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] motion to amend should be denied only where it would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Marfork Coal Co. v. Smith, 2011 WL 744727 (S.D.W.Va. Feb. 23, 2011)(J. Berger)(citations omitted). "Motions to amend are typically granted in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed." Harless v. CSX Hotels, Inc., 389 F.3d 444, 447 (4th Cir. 2004). Finally, it is well recognized that where a *pro se* Complaint can be remedied by an amendment, the Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

Given Plaintiff's *pro se* status, the undersigned will construe Plaintiff's above document (Document No. 43) as a request to amend/supplement his Amended Complaint with the proposed amendment/supplement attached. Liberally construing Plaintiff's document, Plaintiff appears to request permission to amend or supplement his Amended Complaint to include an allegation that

Plaintiff also suffered "nasal bone fractures" as a result of Defendant Dodrill's use of a baton. Thus, the undersigned cannot find that any of the reasons for a denial of a motion to amend are present in the instant case. First, there is no indication of bad faith on part of Plaintiff. Although Defendant Dodrill has filed a Motion to Dismiss, there is no indication how such a minor supplement/amendment concerning one alleged injury would be unfairly prejudicial to Defendant Dodrill. Due to minor nature of Plaintiff's amendment/supplement, the undersigned will proceed to consider the merits of Defendant Dodrill's Motion to Dismiss (Document No. 39).

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Amend/Supplement his Amended Complaint (Document No. 43) is **GRANTED** and Defendant Dodrill's Motion to Strike (Document No. 45) is **DENIED**. The Clerk is directed to re-docket Plaintiff's document entitled "Plaintiff Amends Both Amended Complaint and Response to Defendant's Motion to Dismiss" (Document No. 43) as a new docket entry entitled "Supplement to Amended Complaint and Response in Opposition." The Clerk is directed to send a copy of this Order to Plaintiff, who is acting *pro se*, and any counsel of record.

ENTER: June 24, 2026.



Omar J. Aboulhosn
United States Magistrate Judge

3